

**FILED**

FEB 15 2012

PATRICK E. DUFFY CLERK
BY _____
 Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cause No. CR 11-103-BLG-RFC |
| Plaintiff, | ) | |
| vs. | ) | ORDER re: PENDING MOTIONS |
| RUDOLPH GEORGE STANKO, | ) | |
| Defendant. | ) | |

Defendant Stanko has filed multiple motions.

### I. Recusal

There is no precedent requiring a judge who is unacquainted with any testifying probation officer to preside at a revocation hearing. Recusal is denied.

### II. Conditions of Confinement

I have no jurisdiction in a criminal case to address Stanko's motions regarding conditions of his confinement. The motions for an injunction, for relief from toothache, and for medical care are properly the subject of a civil action. They are dismissed.

1

### III. Jury Trial

There is no right to a jury trial in connection with revocation proceedings. Stanko's motion for jury trial is denied.

### IV. Service on Stanko of United States' Submissions

Stanko should receive service copies of motions filed by the United States. It will be ordered to serve him and certify its service. However, even if Stanko had opposed the United States' motion to continue, the motion still would have been granted because I want to hear U.S.P.O. Buehler's testimony at the revocation hearing. Any failure to serve was harmless.

### V. Suppression

Stanko seeks suppression of a letter and a telephone conversation. He provides no factual basis for his claims, and he requests a hearing. There will be a hearing on February 22. The motion is denied, but Stanko may renew it at that time.

### VI. Subpoenas

Stanko seeks an order directing the Clerk to issue witness subpoenas. Several issues arise.

A subpoena *compels* a witness to drop everything and to appear at a particular place and time, often a place remote from the witness's residence, on pain of contempt. This Court is not going to compel any witness to do that unless Stanko

2

meets the requirements of the law.

Requirements include payment to the witness of a daily $40.00 fee, with the first day pre-paid, 28 U.S.C. § 1821(b); Fed. R. Crim. P. 17(d); the witness's costs in traveling to and from the hearing, 28 U.S.C. § 1821(c); and a reasonable subsistence fee if an overnight stay is required, *id.* § 1821(d).

Despite a reference in United States Magistrate Judge Ostby's Order of January 30, 2012, *see* Order (doc. 32), the record does not contain a completed CJA Form 23 from Stanko. A form was provided with the Order of February 1, 2012 (doc. 44), yet Stanko has not established that he is indigent. He also has not established "the necessity of the witness's presence for an adequate defense."[1] Fed. R. Crim. P. 17(b); *see also* 18 U.S.C. § 3006A(e). As a result, I cannot order the expenditure of public funds on his behalf.

Any of Stanko's witnesses may agree to appear on his behalf and pay their own expenses. If they do so, he does not need subpoenas, but he must bear the risk of their failure to appear.

---

[1] This showing requires more than a bald assertion. An applicant must explain what testimony a witness is expected to give and why it is relevant to the issues at stake at the hearing – which, in this case, means relevance to the allegations of the petition to revoke. A motion under Fed. R. Crim. P. 17(b) is filed *ex parte* – that is, it is sealed from public access and is not available to the United States – so the requirement that the substance of a witness's testimony be disclosed does not prejudice the defendant.

With two exceptions explained below, if a witness does not agree to attend at his or her own expense, or if Stanko wants to ensure the witness appears, Stanko must pay each witness's fees and costs himself. I will not permit issuance of a subpoena without assurance that each witness will receive what he or she is entitled to under the law. Consequently, Stanko must submit to the Clerk a money order made out to each witness whose presence he seeks to obtain. The amount of the check or money order must include one day's witness fee of $40.00 plus *either* round-trip mileage at a rate of fifty-five and a half cents ($0.555) per mile, if the witness will drive his or her own vehicle; *or* the actual price of a ticket on a common carrier such as an airline, bus, or rental car. *See* Fed. R. Crim. P. 17(d); 28 U.S.C. § 1821(b), (c)(1), (2). When Stanko tenders the appropriate fees and travel costs for a witness, the Clerk will issue the subpoena he requests for that witness and return the subpoena and check or money order to Stanko's designated process server. Stanko will not be required to *pre*-pay each witness's reasonable subsistence costs for an overnight stay, but he will be required to pay it.

As mentioned, there are two exceptions. Stanko need not pre-pay fees and costs for those witnesses who are subpoenaed by the United States. Fed. R. Crim. P. 17(d). Witnesses are not entitled to double fees and costs if they are subpoenaed by both parties.

The second exception is J.B. Baugus. Baugus is a prisoner and so is not entitled to fees or costs. 28 U.S.C. § 1821(f). A subpoena will issue, and Baugus's appearance by telephone or video will be arranged.

## VII. Transcript

Stanko's motion for a copy of the transcript of the detention hearing of January 30 must be denied, because Stanko has not established that he is indigent. 18 U.S.C. § 3006A(e); 28 U.S.C. § 753(f). He may obtain a copy by ordering it and paying for it. A form was provided with the Order of February 1, 2012 (doc. 44).

## VIII. Objection to Stand-By Counsel

Stanko's objection to his standby counsel is overruled. In the Ninth Circuit, "advisory counsel" is an attorney who is present in the courtroom to give technical assistance but who does not participate in the trial or hearing. "Standby counsel" is an attorney who is appointed to represent the defendant if self-representation is terminated, for instance, because a self-represented defendant disrupts the proceedings. *United States v. Salemo*, 81 F.3d 1453, 1456 n.2 (9th Cir. 1996).

Assistant Federal Defender Merchant is standby counsel. One treatise goes so far as to say that "[t]he *judge* has an absolute right to have . . . standby counsel appointed to protect the rights of accused persons foolishly trying to defend themselves and to safeguard the integrity of the trial process." 9 Federal Procedure

L. Ed. § 22:620 (2005) (emphasis added); *see also Faretta v. California*, 422 U.S. 806, 834 n.46 (1975) ("Of course, a State may – even over objection by the accused – appoint a 'standby counsel'") (emphasis added).

Merchant may advise Stanko if Stanko is willing to listen. The point here, however, is that I do not waive my right to have standby counsel assist Stanko. Merchant must be prepared to go forward with the case.

### **IX. Motion to Dismiss**

Stanko's motion to dismiss "crimes numbered 5 & 6 for failure to give a Miranda warning" is denied at this time. Stanko may renew it at the hearing.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Stanko's motion for recusal (doc. 53) is DENIED.

2. Stanko's motions regarding the conditions of his confinement (docs. 57-2, 57-4, 57-6) are DISMISSED.

3. Stanko's motion for jury trial (doc. 57-1) is DENIED.

4. Stanko's motion for service (doc. 57-8) is GRANTED. The United States must conventionally serve its filings on Stanko because he is representing himself. It must also attach to its filings a certificate of service showing where and by what means Stanko was served. Any form of service contemplated by Fed. R. Civ. P.

5(b)(2), *see* Fed. R. Crim. P. 49(b), is acceptable.

5. Stanko's motion to suppress (doc. 57) is DENIED.

6. Stanko's motion for subpoenas (doc. 57-9) is GRANTED as to J.B. Baugus and DENIED in all other respects because Stanko has not shown that he is indigent or that each witness's presence is necessary for an adequate defense. Stanko may obtain subpoenas under the conditions outlined above or by complying with Fed. R. Crim. P. 17(b).

7. Stanko's motion for a transcript (doc. 47) is DENIED because he has not shown that he is indigent.

8. Stanko's objection to standby counsel (doc. 57-10) is OVERRULED.

9. Stanko's motion to dismiss (doc. 58) is DENIED.

10. The Clerk of Court will ensure that Stanko is served as a self-represented party and that his service address is shown on the Notice of Electronic Filing.

11. Standby counsel must be prepared to represent Stanko at the hearing.

DATED this 15th day of February, 2012.

Richard F. Cebull, Chief Judge
United States District Court

cc: AFD Merchant

7